The Honorable Marsha Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ROBERT A. WEAN,

    Plaintiff,

vs.

US BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, RUSHMORE LOAN MANAGEMENT SERVICES, LLC, MTC FINANCIAL, INC., dba TRUSTEE CORPS,

    Defendants.

No.: 2:19-cv-01630-MJP

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

NOTED FOR HEARING ON

November 15, 2019

Plaintiff Robert A. Wean ("Wean" or "Plaintiff") respectfully submits the following reply in support of his motion for preliminary injunction.

## I.    INTRODUCTION

Defendants US Bank, N.A., Not in its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank"), and Rushmore Loan Management Services, LLC ("Rushmore") argue that Wean's loan should not be subject to a strict application of the six year statute of limitations under Wash. Rev. Code 4.16.040(1) due to a series of written

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 1
CASE NO.: 2:19-cv-01630

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

acknowledgment and tolling events. Since the bankruptcy discharge on December 7, 2007, the date the statute of limitations started to run, Defendants allege Wean made a partial payment on the US Bank loan in 2013 (Wash. Rev. Code 4.16.270) and several loan modification applications which they allege restated the statute of limitations pursuant to the written acknowledgment statute, Wash. Rev. Code 4.16.280. Additionally, Defendants argue that unfinished nonjudicial foreclosures and bankruptcy filings tolled the statute of limitations pursuant to Wash. Rev. Code 4.16.230. Plaintiff do not contest that bankruptcy cases filed after the December 2007 discharge tolled the statute of limitations. Wash. Rev. Code 4.16.230; *Merceri v. Deutsche Bank AG*, 2 Wash.App.2d 143, 408 P.3d 1140 (Wash. Ct. App. 2018). However, the Plaintiff does not agree that the law is at all settled as to whether loan modification applications, participation in a mediation governed by the Washington State Foreclosure Fairness Act under Wash. Rev. Code 61.24.163, or involuntary partial payments to the loan meet the criteria for written acknowledgement. Likewise, the law is not settled as to whether tolling is allowed for the unsuccessful completion of multiple incomplete nonjudicial foreclosure proceedings.

## II.     LEGAL ARGUMENTS

### A.     Involuntary Payments Do Not Revive the Statue of Limitations

Defendants assert that Wean made a partial payment in October 2013 on the US Bank loan, thus reviving the statute of limitations under Wash. Rev. Code 4.16.270. Dkt No. 24-1, Montoya Decl. ¶ 16, Ex. M-4. However, any payment allegedly credited to the loan in October 2013 was not made by Wean. Supplemental Declaration of Robert A. Wean, at ¶ 3, 7-9, Ex. A. Although Defendant's argument refers to a "check" signed by Wean and tendering $2,738.46 to

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 2
CASE NO.: 2:19-cv-01630

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

PennyMac, no evidence of any "check" was produced. Dkt 24, Resp. at 8:9-10; Dkt 24-1, Montoya Decl. ¶ 16, Ex. M-4.

The only evidence Defendants produced of the existence of this so called "partial payment" is a letter from Penny Mac to the borrower and a October 2013 mortgage statement that credits $2,738.46 to "escrow." Dkt No. 24-1, Montoya Decl. ¶ 16, Ex. M-4. If Wean had actually made a partial payment on the loan, Penny Mac would have credited it first to interest and then to principal. *Clausing v. Virginia Lee Homes, Inc.,* 62 Wash.2d 771, 776, 384 P.2d 644 (1963) (The general principle is that absent an agreement, direction or statute to the contrary, a payment on an installment agreement is applied first to interest and then to principal.) Thus, a credit to "escrow" is not evidence of any voluntary payment but likely a refund or credit of some escrow item on his account. Nor is a payment to escrow a payment on the debt at issue – it is a contractual obligation required to preserve the bank's position, similar to the borrower's obligation to pay utility bills to prevent a senior-position utility lien on the property, and thus cannot be a payment that restarts the statute of limitations. Wash. Rev. Code 4.16.270.

B.   **Written Acknowledgment**

*Loan Modifications*

The Defendants argue that in applications for loan modifications made on June 2010, October 2013, June 2014, May 2015, and February 2019, Wean acknowledged the debt and restarted the limitations period. Dkt 24, Resp. at 9. This holding is contrary to Washington law. The majority of cases interpreting Wash. Rev. Code 4.16.280 stand for the principle that the writing must infer an intent to renew a promise to pay the original debt. *In re Receivership of Tragopan Props., LLC*, 164 Wn. App. 268, 273-74, 263 P.3d 613 (2011), citing to *Dolby v. Fisher*, 1 Wn.2d 181, 95 P.2d 369 (1939). This promise also has a limitation that "[i]f one in

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 3
CASE NO.: 2:19-cv-01630

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

writing acknowledges he owes a debt, the law will presume that he intends to pay it, **unless** there is something in the writing which shows a contrary intention." *Cannavina v. Poston*, 13 Wn.2d 182, 124 P.2d 787 (1942), citing to 17 R.C.L., at page 889 and Wood on Limitations (4th ed.), vol. 1, p. 436, *emphasis added*. A loan modification application to a loan servicer is by definition evidence of such a contrary intention.

The loan modification process is undeniably a process by which the parties of the original debt explore a satisfactory modification upon which the debtor could pay. *Olson v. Merrill Lynch Credit Corp.,* 576 Fed.Appx. 506 (6th Cir. 2014) (HAMP is a federal program enacted pursuant to the Emergency Economic Stabilization Act, 12 U.S.C. § 5201 *et seq.*, that gives lenders incentives to offer borrowers—with a mortgage payment-to-income ratio of over 31%—loan modifications with more favorable terms); *Wigod v. Wells Fargo Bank*, N.A., 673 F.3d 547, 556-57 (7th Cir. 2012) (same). Under HAMP, the borrower was given a three-month trial plan to demonstrate his ability to make timely payment at the new monthly payment level. If the borrower successfully accepts the loan servicer's TPP offer and makes all required payments during the trial period and any other TPP requirements, the loan servicer will offer a permanent loan modification agreement, and failure to do so is a breach of *new* contract separate and apart from the existing note and deed of trust. *Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 885 (9th Cir. 2013). Thus, under Ninth Circuit law, a loan modification necessarily implies that a borrower is applying for a new contract, not a revival of the old debt. *Id.* Loan modification applications that did not even result in a contractual obligation due to acceptance of a TPP and payment under its terms or the execution of a permanent loan modification, the Plaintiff does not met the requirements of Wash. Rev. Code 4.16.280. *Cannavina*, 13 Wn.2d at 124.

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 4
CASE NO.: 2:19-cv-01630

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

//

//

### *Foreclosure Fairness Act Mediation*

For those loan modification applications that involved participation in a mediation under the Washington State Foreclosure Fairness Act under Wash. Rev. Code 61.24.163 ("FFA"), statutory prohibition under Wash. Rev. Code 61.24.169 prevents submission of mediation-related materials as evidence in any litigation other than a "foreclosure action" between the parties. Since Defendants are using the FFA materials to thwart Plaintiff's action to quiet title under Wash. Rev. Code 7.28.300 based on the statute of limitations and not in a foreclosure action, any writings exchanged in the course of FFA mediatoin negotiations effectively constitute inadmissible evidence. Wash. Rev. Code 61.24.169.

**C.     Tolling Events**

*Bankruptcies*

Following the Plaintiff's chapter 7 bankruptcy discharge on December 7, 2007, the Plaintiff filed three (3) chapter 13 bankruptcy cases that dismissed a few months after each filing. Dkt 24, Resp. Br. at 14:10-16. The Plaintiff concedes that the bankruptcy stays tolled the the six year statute of limitations on US Bank's loan. Wash. Rev. Code 4.16.230; *Merceri v. Deutsche Bank AG*, 2 Wash.App.2d 143, 408 P.3d 1140 (Wash. Ct. App. 2018).

*Non-Judicial Foreclosures*

Since Wean's December 7, 2007 bankruptcy discharge, US Bank alleges that several incomplete non-judicial foreclosures also tolled the statute of limitations. Dkt 24, Resp Br. at 14:15-15:9. Washington State non-judicial foreclosures under Wash. Rev. Code 61.24 equate to judicial "actions" for purposes of calculating the statute of limitations because the Deeds of

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 5
CASE NO.: 2:19-cv-01630

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

Trust Act explicitly incorporates the limitations imposed by Wash. Rev. Code 4.16.040. Wash. Rev. Code 61.24.020; *Walcker v. Benson*, 79 Wn.App. 739, 743-44, 904 P.2d 1176 (Ct. App. 1995) (the legislature intended to apply Wash. Rev. Code 4.16 when it stated in Wash. Rev. Code 61.24.020 that "[e]xcept as provided in this chapter, a deed of trust is subject to all laws relating to mortgages on real property"). The Deed of Trust Act is otherwise silent on the statute of limitations for non-judicial foreclosures. Wash. Rev. Code 61.24 *et seq.*

For a judicial foreclosure action, a voluntarily withdrawn or dismissed judicial foreclosure action pursuant to CR 41(a)(1)(B) is a legal nullity that does not toll the statute of limitations. W*achovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 492, 200 P.3d 683, 688 (2009); *Fittro v. Alcombrack*, 596 P.2d 665, 666 (Wash. Ct. App. 1979). Thus, to be consistent with nonjudicial foreclosures, courts should apply a similar analysis and hold that nonjudicial sales that are voluntarily withdrawn or dismissed are legal nullities. Additionally, Washington state law looks dimly upon attempts to prolong a statute of limitations when it is within the power of the aggrieved party to heed it. *Mood v. Mood*, 171 Wash. 210, 221–22, 18 P.2d 21, 25 (1933). Courts have also found that "it is not the policy of the law to put it within the power of a party to toll the statute of limitations." *Bennett v. Thorne*, 36 Wash. 253, 269, 78 P. 936 (1904). Following this reasoning, none of the incomplete non-judicial foreclosure sales at issue in this case count for tolling aside from the current non-judicial foreclosure sale tolled by this motion.[1] *But see U.S. Bank Nat'l Ass'n as Tr. of Holders of Adjustable Rate Mortgage Tr. 2007-2 v. Ukpoma*, 438 P.3d 141, 145 (Wash. Ct. App. 2019) (in the face of multiple incomplete nonjudicial foreclosure sales, the author of the lead opinion declined to follow *Bingham* finding

---

[1] Assuming for purposes of argument that the statute of limitations was still running at the time of the current non-judicial foreclosure sale.

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 6
CASE NO.: 2:19-cv-01630

H<small>ENRY</small> & D<small>E</small>G<small>RAAFF</small>, P.S.
787 M<small>AYNARD</small> A<small>VE</small> S.
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98104
<small>TELEPHONE</small> (206) 330-0595
<small>FAX</small> (206) 400-7609

its holding unsupported while the two other panel judges dissented on that point, following Bingham and finding it consistent with Wash. Rev. Code 4.16.230).

Alternatively, absent a clear ruling from Washington State's Supreme Court regarding the effect of successive incomplete non-judicial foreclosures, courts follow Wash. Rev. Code 4.16.230 to find that commencement of a nonjudicial foreclosure proceeding tolls the six-year limitations period, but not indefinitely. Wash. Rev. Code 4.16.230; *Bingham v. Lechner,* 111 Wn. App. 118, 127, 45 P.3d 562 (Wash. Ct. App. 2002)(recording notice of trustee's sale tolled the statute of limitations only to the date of scheduled sale or, given the trustee's right to continue the sale for a period or periods not exceeding 120 days). Thus, US Bank's seven incomplete foreclosures sales dismissed bankruptcies tolled the statute of limitations as follows:

| Tolling Event | Begins | Ends | Total Days |
|---|---|---|---|
| Notice of Default | 11/28/2007 | 08/02/2008 | 248 |
| NOTS Recorded | 03/30/2010 | 10/30/2010 | 214 |
| Notice of Default | 01/20/2014 | 08/29/2014 | 221 |
| Chapter 13 BK (14-16485) | 08/29/2014 | 11/21/2014 | 83 |
| Notice of Trustee's Sale | 01/12/2015 | 05/15/2015 | 123 |
| Chapter 13 BK (15-13037) | 05/15/2015 | 10/27/2015 | 165 |
| Notice of Trustee's Sale | 04/13/2017 | 08/27/2017 | 136 |
| Chapter 13 (17-13630) | 08/27/2017 | 11/21/2017 | 85 |
| Notice of Default - to present | 01/25/2019 | | |
| Total Tolling | | | 1275 days |

*See* Exhibit 1 for a graphic visualization of these tolling events.

*Loan Modifications*

Lastly, the Plaintiff submitted several loan modifications of this US Bank loan to his mortgage servicers. However, those loan modifications are nothing more than loss mitigation communications created in the course of pre-litigation settlement negotiation. In Washington,

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 7
CASE NO.: 2:19-cv-01630

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

the law strongly favors the public policy of settlement over litigation. *American Safety Cas. Ins. Co. v. City of Olympia*, 162 Wash .2d 762, 772, 174 P.3d 54 (2007). A finding that engagement in pre-litigation negotiation waives substantive rights under contract, would deter future parties from attempting settlement before resorting to use of the courts, which is against public policy. *Id.* Just as pre-litigation settlement negotiations does not waive contract rights, public policy bars construing unconsummated settlement negotiations like loan modifications undertaken prior to litigation as a tolling event for the statute of limitations.

However, for purposes of this preliminary injunction, the loan modifications submitted by Wean, if somehow construed as a statutory prohibition to foreclosure, tolled the statute of limitations for and 565 additional days. Wash. Rev. Code 4.16.230.

Days of tolling if mortgage modification activity, incomplete non-judicial foreclosures and dismissed bankruptcy are included:

| Event | Tolling Begins | Tolling Ends | Total Days |
|---|---|---|---|
| Notice of Default - 248 Days Tolling | 11/28/2007 | 08/02/2008 | 248 |
| NOTS Recorded - 604 Days Tolling | 03/30/2010 | 11/24/2011 | 604 |
| Notice of Default - 305 Days Tolling | 01/20/2014 | 11/21/2014 | 305 |
| Notice of Trustee's Sale - 462 Days Tolling | 01/12/2015 | 04/18/2016 | 462 |
| Notice of Trustee's Sale - 221 Days Tolling | 04/13/2017 | 11/20/2017 | 221 |
| Notice of Default – Tolled to Present | 01/25/2019 | | |
| Total Tolling: | | | 1840 Days |

*See* Exhibit 2 for a graphic visualization of tolling that includes all tolling activity.

Thus, accounting for 1,840 days of tolling, the statute of limitations ran on **January 24, 2019**. *See* Exhibit 2. Thus, Plaintiffs have met their burden that they have a substantial

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 8
CASE NO.: 2:19-cv-01630

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 330-0595
FAX (206) 400-7609

likelihood of success of the merits and should be granted a preliminary injunction to stop the pending non-judicial foreclosure and to allow further litigation of this lawsuit.

DATED: November 15, 2019.

| HENRY & DEGRAAFF, P.S | HENRY & DEGRAAFF, P.S |
|---|---|
| By: */s/ Christina L. Henry*<br>Christina L. Henry, WSBA# 31273<br>787 Maynard Ave S<br>Seattle, Washington 98104<br>E-Mail: chenry@HDM-legal.com;<br>mainline@hdm-legal.com<br>*Attorneys for Plaintiff* | By: */s/ Jacob DeGraaff*<br>Jacob D. DeGraaff, WSBA #36713<br>787 Maynard Ave S<br>Seattle, Washington 98104<br>E-Mail:jacobd@HDM-legal.com;<br>mainline@hdm-legal.com<br>*Attorneys for Plaintiff* |

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 9
CASE NO.: 2:19-cv-01630

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 330-0595
FAX (206) 400-7609

## CERTIFICATE OF SERVICE

I certify that I caused to be served in the manner noted below a copy of the foregoing pleading on the following individual(s):

Kristine E Kruger    kkruger@perkinscoie.com, docketpor@perkinscoie.com, HW_Asbestos_Sea@perkinscoie.com, kristinekruger@gmail.com

Michael Steven DeLeo    mdeleo@prklaw.com, rwhite@prklaw.com

Nathan F. Smith    nathan@mclaw.org, cvalenzuela@mclaw.org

Thomas N Abbott    TAbbott@perkinscoie.com, docketsea@perkinscoie.com, MWalkup@perkinscoie.com

DATED November 15, 2019 at Boston, Massachusetts.

    *s/ Christina L Henry*
    Christina L. Henry, WSBA# 31273
    787 Maynard Ave S
    Seattle, Washington 98104
    E-Mail: chenry@HDM-legal.com;
    mainline@hdm-legal.com
    *Attorneys for Plaintiff*

REPLY TO RESPONSE TO OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 10
CASE NO.: 2:19-cv-01630

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 330-0595
FAX (206) 400-7609